UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SYRIS T. BIRKLEY,

        Plaintiff,

        v.                         Case No. 25-cv-1442-bbc

CAPT MICHEAL HANNAH,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Syris Birkley, who is currently incarcerated as a pretrial detainee at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Birkley's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Birkley has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Birkley has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2). A review of the statement reveals that Birkley as neither the assets nor the means to pay an initial partial filing fee, so his obligation to do so will be waived and his motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Birkley, on December 31, 2024, Birkley called out to Defendant Captain Micheal Hannah, "Micheal Hanna[h] can I ask you a question?" He asserts that in response, Hannah directed correction officers to go get Birkley. Birkley explains that he was handcuffed and taken to the segregation unit. Once there, he was unhandcuffed from behind his back, handcuffed in front, and attached to a rip-belt. Hannah allegedly instructed officers to place Birkley in a no-contact booth, where he stayed, handcuffed to the rip-belt, for about two hours. Birkley asserts that he was then taken to a segregation cell, where he spent the night and the next morning. He states that no one informed him that he had violated a rule. Birkley also asserts that he was not placed in segregation for managerial purposes or to protect him from himself or others. According to Birkley, Hannah ordered him to be placed in the no-contact booth and in segregation over night "to put [him] in [his] place" because he had called Hannah by his name. Dkt. No. 1.

## ANALYSIS

"A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carter*, 286 F.3d 437, 438 (7th Cir. 2002). On the other hand, if a prisoner is placed in segregation for preventative purposes, *e.g.*, to protect him from himself or others, or for administrative purposes, *e.g.*, because there are no open cells in general population, then the prisoner would not be entitled to notice or a hearing. *Id.* Birkley alleges that Hannah put him in the no-contact booth and the segregation cell to punish him for using Hannah's name. He explains that he never received notice of what rule he had violated, nor did he have a hearing to determine if he had violated a rule. These allegations are sufficient for Birkley to state a due process claim against Hannah.

**IT IS THEREFORE ORDERED** that Birkley's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Birkley's complaint and this order are being electronically sent today to Milwaukee County for service on Captain Micheal Hannah.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Captain Micheal Hannah shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Birkley shall collect from his institution trust account the $350 filing fee by collecting monthly payments from Birkley's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Birkley is transferred to another institution, the transferring institution shall forward a copy of this Order along with Birkley's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all

inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Birkley is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 30, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge