SYRIS T. BIRKLEY,

        Plaintiff,

        v.                                Case No. 25-CV-1442

MICHAEL HANNAH,

        Defendant.

## DECISION AND ORDER

Plaintiff Syris T. Birkley, who is housed at the Milwaukee County Jail, is representing himself in this 42 U.S.C. § 1983 action. Plaintiff is proceeding on a due process claim against Defendant Michael Hannah based on allegations that Defendant put him in the no-contact booth and the segregation cell to punish him for using Defendant's full name, even though Plaintiff never received notice of what rule he violated nor had a hearing to determine if he had violated a rule. On March 9, 2026, Defendant Michael Hannah filed a motion for summary judgment on the ground that Plaintiff failed to exhaust administrative remedies before bringing this lawsuit. For the following reasons, the Court will grant Defendant's motion for summary judgment and dismiss the case.

## BACKGROUND

At all times relevant to the complaint, Plaintiff was housed at the Milwaukee County Jail. The Jail's administrative process for addressing jail occupant complaints is called the Grievance Procedure. Jail occupants could make formal complaints to jail administration regarding jail staff behavior, or any other issue related to that occupant's health and welfare, facility operation, or

occupant services by submitting a grievance through the Jail's Grievance Procedure.  Dkt. No. 19, ¶¶ 1–2.

The Grievance Procedure is set forth in the Milwaukee County Jail Handbook.  Since July 2020, jail occupants had access to the Occupant Handbook through the Jail's electronic kiosk system and at any time they are present in the dayroom of their respective housing units, including mealtimes.  Every time a jail occupant accesses the Jail's kiosk system, he or she is required to acknowledge receipt of the Occupant Handbook.  To aid in a thorough understanding of the Grievance Procedure, jail staff are trained to assist jail occupants who ask them for help in submitting grievances at the Jail.  Jail occupants are also instructed by the Grievance Procedure in the Occupant Handbook to request assistance from jail staff if they have difficulty submitting grievances.  *Id.* ¶¶ 3–5, 10.

The Grievance Procedure in effect prior to December 2024 permitted jail occupants to submit grievances and grievance appeals to jail administration at any time, without a time limitation.  Under the Grievance Procedure effective December 2024, a jail occupant must file a grievance within seven days of the date of the grieved incident.  Once a jail occupant submits a grievance on the electronic kiosk, it is assigned a number that cannot be removed or deleted from the system.  Occupant grievances related to complaints against jail staff are reviewed by a member of the Jail's Special Projects Unit, who then assigns the grievance to the appropriate floor supervisor on duty on the date and time the alleged complaint occurred.  After the floor supervisor provides a response to the grievance, it is reviewed by the Special Projects Unit supervisor or a designee to ensure the response is appropriate and addresses the complaint.  Once approved, the response to the grievance is made available to the jail occupant to review on the kiosks.  *Id.* ¶¶ 11–12, 19–20.

If a jail occupant is dissatisfied with the grievance response, the grievance response is eligible for appeal. *Id.* ¶ 13. The Grievance Procedure, as stated in the Occupant Handbook, provides the following procedure for appealing a grievance: "INMATE APPEAL TO GRIEVANCE RESPONSE: To exhaust the administrative grievance procedure, inmates must appeal the grievance determination to a jail supervisor within 7 days after the date of the determination on the original grievance or, if the inmate does not receive a determination, within 28 days after the grievance was filed." Dkt. No. 21-2 at 4. Occupants must submit their appeals with supporting documents and the full names of witnesses. Dkt. No. 19, ¶ 13.

Once the appeal is received, it is assigned to the shift commander to provide a response. The shift commander enters his or her response in the grievance system, which is then reviewed and approved by the Special Projects supervisor or a designee. Once approved, the response is reviewable by the jail occupant on the kiosks. *Id.* ¶ 14.

The shift commander's response must then be appealed to the Jail Commander or a designee. This is the final appeal in the process and requires that the jail occupant include all prior written submissions, supporting testimony and evidence, and any new information or evidence. The Jail Commander's response is final and cannot be appealed. The Jail's Grievance Procedure is exhausted after the Jail Commander's response. *Id.* ¶ 15.

The electronic kiosks are located in every housing unit at the Jail, and jail occupants submit grievances, grievance appeals, and final appeals to responses related to those occupant grievances on a kiosk. Jail occupants are responsible for reviewing the response to their grievance, grievance appeal, and final appeal, and they may do so by signing into their occupant account on any kiosk throughout the Jail. *Id.* ¶¶ 8–9.

As relevant here, Plaintiff submitted a Policy and Procedure Grievance, Grievance No.

155786, on January 2, 2025. The grievance stated:

> On DEC 31-24 on 5A-45 approximately 1:40ish pm I was sent to the 4d-19 per
> Michael Hannah due to me saying his whole name, note no w[h]ere in the rule book
> give notice of this, I was punished for no reasonable reason, and was handcuffed
> from 1:45ish to 3:45ish on the 4th floor in a no contact booth, per Hannah to punish
> self further.

*Id.* ¶ 25. On January 18, 2025, Plaintiff filed an "inmate response" to Grievance No. 155786, and

stated:

> I went to Seg cell 4d-19, for 12-15 hr then released with no rule violation nothing,
> due to I didn't violate any thing its public record, this is unconstitutional knew this
> in deliberately did it. If you close this before I can't exhaust my administrative
> remedy (Appeal) then you are continuing these unconstitutional acts.

*Id.* ¶ 26. Plaintiff submitted a Policy and Procedure Grievance, Grievance No. 157826, on January

26, 2025. This grievance was a duplicate grievance that described the December 31, 2024,

incident. *Id.* ¶ 30.

> On April 2, 2025, Lieutenant Jolena Kirkendoll responded to Grievance No. 155786:

> The inmate handbook outlines that a violation of rule J807—which prohibits both
> verbal and physical demonstrations of disrespect towards any officer or staff
> member—constitutes a breach of established jail policy and procedures. All staff
> members uniforms display their last names and ranks; the use of first names is
> strictly prohibited and is not accessible to inmates except under specific
> circumstances, such as open records requests or legal proceedings. This regulation
> is applied uniformly to all individuals to ensure equitable treatment in interactions.
> Captain Hannah has consistently emphasized the importance of refraining from
> using his first name. Breaching the guidelines specified in code J807 may lead to
> disciplinary measures, which could include confinement in the disciplinary housing
> unit.

*Id.* ¶ 27. Plaintiff appealed Lt. Kirkendoll's response to Grievance No. 155786 on April 15, 2025,

thirteen days after the response. He stated:

> His name is public record, no w[h]ere [in] the rule book does it say I can't say, or
> that it's disrespectful, nor does it say I will be punishment [sic] as a pretrial detainee,
> if you could of punished self why was I release[d] with a violation the next day,

4

d[ue] to your acts was unconstitutional, no notice was given, no due process was violated knowing with full intent and total disregard for the truth and law.

*Id.* ¶ 28.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to

5

exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Defendant asserts that Plaintiff did not exhaust his administrative remedies because he failed to timely appeal Grievance No. 155786. The Milwaukee County Jail's Grievance Procedure provides that a jail occupant must appeal the grievance determination to a jail supervisor within seven days after the date of the determination on the original grievance, *see* Dkt. No. 21-2 at 4, but Plaintiff filed an appeal thirteen days after Lt. Kirkendoll's response to Grievance No. 155786.

Plaintiff does not dispute that he filed the appeal more than seven days after receiving a response to his grievance. Instead, he asserts that the administrative remedies were unavailable to him because the Jail's grievance process is confusing and jail staff misled him about the time to file an appeal. He states that he asked three correctional officers about the time to file an appeal, that all three correctional officers told him that he had seven or 28 days to file his appeal, and that a sergeant agreed. Plaintiff also notes that, sometime after he filed his grievance, he asked a lieutenant about the appeal process and told her that a correctional officer said that he had seven or 28 days to appeal. He claims that the lieutenant reviewed the policy and said, "I don't know, but if they said that, that's what it means." Dkt. No. 24 at 2–3, 11.

An administrative remedy is not available if jail officials "thwart inmates" from pursing the process "through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016). However, nothing jail staff told Plaintiff was misleading or inaccurate. The language of the Grievance Procedure is clear: "To exhaust the administrative grievance procedure, inmates must appeal the grievance determination to a jail supervisor within 7 days after the date

of the determination on the original grievance or, if the inmate does not receive a determination, within 28 days after the grievance was filed." Dkt. No. 21-2 at 4. In other words, Plaintiff had seven or 28 days to appeal—seven days if he received a response to his grievance and 28 days from the filing of the grievance if he did not receive a response. In this case, Plaintiff received a response, so he had seven days to file an appeal, and nothing jail staff said contradicted the policy. Even if Plaintiff was confused by the policy, "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross*, 578 U.S. at 644. In short, Plaintiff's purported confusion does not excuse him from complying with the grievance procedure outlined in the Occupant Handbook.

Moreover, Plaintiff's description of his conversations with jail staff are too vague to have any evidentiary value. Plaintiff does not identify the jail staff that he talked to about the grievance procedure or provide a date or an estimation of when these conversations occurred. The lack of detail regarding when the statements were made, or if they occurred before the time to file an appeal had passed, means that Plaintiff has failed to create a triable issue of fact sufficient to withstand summary judgment. *See Siegel*, 612 F.3d at 937 (stating that the nonmoving party must "set forth specific facts showing that there is a genuine dispute" (citation omitted)); *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001) ("conclusory statements, unsupported by the evidence of record, are insufficient to avoid summary judgment").

In sum, Plaintiff has failed to establish that the administrative remedies were unavailable to him. Because Plaintiff did not exhaust the available administrative remedies before initiating this action, Defendant is entitled to summary judgment.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 18) is **GRANTED**. This action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on April 27, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.